IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.     3:08cr46/LAC
        3:09cv410/LAC/MD

SCOTT KERLE

___

# REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 292). The government has filed a response (doc. 296) and the defendant has not filed a reply despite having been afforded an opportunity to do so. This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I. BACKGROUND

Defendant Scott Kerle and seven others were charged in a two count indictment with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine and 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana and possession with intent to distribute 5 kilograms

of a mixture and substance containing a detectable amount of cocaine and 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana. (Doc. 11). Represented by appointed counsel Clinton Couch, the defendant pleaded guilty pursuant to a written plea and cooperation agreement on June 23, 2008 (doc. 105-107). The PSR reflected a base offense level of 36, a two-level adjustment for a co-conspirator's possession of a firearm during the conspiracy and a three-level downward adjustment for acceptance of responsibility for a total offense level of 35. Defendant had no criminal history, and thus a criminal history category of I. The applicable guidelines range was 168 to 210 months imprisonment. He filed objections to the PSR, but withdrew the objections before the September 9, 2008 sentencing. Ultimately, he was sentenced to a term of 135 months imprisonment. He did not appeal.

In the present motion, defendant alleges that he received ineffective assistance of counsel because Mr. Couch failed to argue against a gun enhancement, promised defendant that he would receive a sentence of no more than seven years imprisonment, and spent insufficient time with him. Defendant asks that the court remove the gun enhancement, resulting in a reduction in his sentence. The government opposes the motion.

II. LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is

reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Id.*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)); *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001). In applying *Strickland*, the court

may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 518 F.3d 1291, 1301 (11th Cir. 2008); *United States v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a

conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision

will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

**Failure to argue against gun enhancement**

Defendant contends that counsel was ineffective because he did not argue against the gun enhancement. No mention was made of weapons in the factual

basis for the plea presented by the government at the rearraignment. (Doc. 296-3 at 10-13). The two level gun enhancement under U.S.S.G. § 2D1.1 was based on the seizure of firearms during the arrest of a co-conspirator transporting 25 kilograms of cocaine as well as the seizure of a firearm from the residence of a co-conspirator, which residence was used by the defendant and others to unload quantities of marijuana brought by truck from Texas to Florida for redistribution. (See PSR ¶¶ 18, 22, 30, 36-38, 101, 165, 170, 171).

Counsel states in his affidavit that in the initial response to the PSR he made what he believed to be a well-founded objection to the application of the firearm enhancement. Counsel notes that similarly situated co-defendant Eric Konrad Nitsch made the same objection and it was sustained. However, counsel explains that he withdrew his objection to rectify the difficult position defendant had created for himself by being "less than truthful," which led counsel to make objections and allege facts that defendant knew were false. After discovering the truth, counsel urged his client to correct himself, and as a result defendant instructed counsel to withdraw all objections that were inconsistent with his complete and total acceptance of responsibility. (Doc. 296-2 at 1). The PSR also reflects that defendant did not provide all information and evidence he had concerning the conspiracy to law enforcement during his initial debriefing, a fact that resulted in the government objecting to the application of the safety valve in his case, as that provision requires defendant's truthful cooperation with the government. (PSR at ¶¶ 178-181; U.S.S.G. § 5C1.2). Counsel explains that he withdrew his objection upon his client's request in an effort to regain credibility and try to salvage a safety valve reduction for his client. (Doc. 296-2 at 1).

Withdrawal of the objection at the defendant's behest enabled defendant to qualify for the application of the safety valve, and a sentence of 135 months, well below the previously determined sentencing guidelines range of 168-210 months. (PSR ¶ 102, 143, 181; doc. 206).

The government argues that even if withdrawing the firearm objection was not done at the defendant's direction or with his consent, he has failed to establish that the adjustment should not have been applied to him in this case. As noted above, counsel stated in his affidavit that a similarly situated co-defendant's objection to the adjustment was sustained, but defendant himself provided no evidence or argument in support of his position. The factual basis for the adjustment includes the fact that one co-conspirator was armed when he was arrested while delivering 25 kilograms of cocaine. (PSR ¶ 22). There was a firearm recovered from a residence from which large quantities of marijuana were stored and distributed (PSR ¶¶ 7-18). The room where the weapon was located was used to prepare marijuana for distribution. (PSR ¶ 18). Co-defendant Schimmel received kilogram quantities of cocaine and marijuana at this residence from co-conspirators, including the defendant, with whom he had frequent contact. (PSR ¶¶ 30, 34, 35, 36, 37, 38, 82, 90).

In order for the two level firearm adjustment to apply, the defendant need not personally possess the firearm. Co-conspirators "receive sentencing enhancements on the basis of all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." *United States v. Suarez*, 313 F.3d 1287, 1294 (11th Cir. 2002). The validity of the enhancement is established if the government proves by a preponderance of the evidence that:

> (1) the possessor of the firearm was a co-conspirator; (2) the possession was in furtherance of the conspiracy; (3) the defendant was a member of the conspiracy at the time of possession; and (4) the co-conspirator possession was reasonably foreseeable by the defendant. See *United States v. Gallo*, 195 F.3d 1278, 1284 (11th Cir. 1999).

*Suarez*, 313 F.3d at 1294. The possession of a firearm in a conspiracy involving such large quantities of controlled substances is not unforeseeable. Defendant has

not shown otherwise, or that counsel was constitutionally ineffective for withdrawing the objection at his client's behest.

**Sentence in excess of sentence promised by counsel**

Defendant's claim that counsel assured him that he would receive a sentence of no greater than seven years imprisonment is refuted both by counsel's affidavit and by his own sworn testimony at his re-arraignment.

In response to his former client's allegation, Mr. Couch unequivocally states in his affidavit that he "did no such thing," and went on to say that he "never, ever, tell[s his] clients what sentence they will receive in federal court." (Doc. 296-2 at 1).

Even more damaging to his case are defendant's own statements made under oath at his rearraignment proceeding, which was held before the undersigned. A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); cf. *Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea). Solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629*; United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations does not suffice. *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629; *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) ("[T]he presumption of truthfulness of [defendant's] Rule 11 statements will not be overcome unless the allegations in the § 2255 motion....include credible, valid reasons why a departure from those earlier contradictory statements is now justified."); *see also United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987) (while not insurmountable, there is a

strong presumption that statements made during a plea colloquy are true, citing *Blackledge* and other cases); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n. 14 (11th Cir. 1985); *Potts v. Zant,* 638 F.2d 727, 750-51 (5th Cir. 1981) (citing *United States v. Sanderson*, 595 F.2d 1021 (5th Cir. 1979)). Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988); *United States v. Green*, 2008 WL 1923102 (11th Cir. 2008) (Table, text in WESTLAW); *United States v. Cardenas*, 230 Fed.Appx. 933, 2007 WL 2119918 (11th Cir. 2007) (Table, text in WESTLAW).

As noted above, defendant's rearraignment was held before the undersigned. At rearraignment, the government explained that defendant faced a ten year minimum mandatory sentence. (Doc. 296-3 at 8-9). This court explained the concept of "substantial assistance" to defendant, and how this could affect his sentence. (*Id.* at 15). It emphasized that whether defendant had provided substantial assistance was a matter left entirely to the discretion of the United States Attorney after defendant's debriefing, and noted that there was no guarantee that such a motion would be filed. Even if a substantial assistance motion was filed, the court made clear that it would be up to the district court to decide whether to reduce defendant's sentence or not. Defendant indicated that he understood. (*Id.* at 16). The court also reiterated that as of that date, counsel could not tell defendant what his sentence would be, this court could not tell him what his sentence would be, the United States Attorney could not tell him what the sentence would be, and therefore the defendant did not know what his sentence would be. (*Id.*) Defendant agreed, with no apparent hesitation. The court also explained that absent a motion for substantial assistance, defendant would be sentenced to at least ten years, and he again indicated his understanding. Finally the court following exchange took place:

THE COURT: You are not gonna come back later and tell me [counsel] promised you a particular sentence, he said judges go easy on people in this court, you are looking at probably 18 months or –

THE DEFENDANT: No, sir.

*Case No: 3:08cr48/LAC; 3:09cv410/LAC/MD*

>THE COURT: – anything like that?
>
>THE DEFENDANT: No, sir.
>
>THE COURT: You haven't been promised anything in terms of a sentence?
>
>THE DEFENDANT: No, sir.

(Doc. 296-3 at 18-19).

This record flatly contradicts the assertion defendant now makes in his § 2255 motion. He has offered nothing to show that the statements made under oath at the rearraignment proceeding were unworthy of belief, and therefore, defendant is not entitled to relief.[1]

**Insufficient time with counsel**

Defendant also states that counsel spent little time with him, only around one hour from the time counsel was appointed until sentencing. Again, counsel's affidavit and defendant's own testimony refute this claim. In his affidavit, counsel states that although he did not spend as much time with his client as he might have if the defendant had wanted to go to trial, he ensured that his client had a complete and thorough understanding of the charges he faced, the evidence against him, his legal options, and the pros and cons of each of those options. Counsel notes that his CJA billing affidavit, a conservative record of the time spent working on this case, reflects 1 ½ hours in court and 21.7 hours out of court. Of course the 21.7 hours does not reflect only time spent with his client, but it weighs against defendant's assertion. (Doc. 296-2 at 2).

Additionally, at his rearraignment, defendant indicated that he had gone over the plea agreement with counsel, that counsel had explained it to him and answered any questions he had. (Doc. 296-3 at 18). He also stated that he had discussed his

---

[1] Defendant's statements at the rearraignment proceeding were made under oath, and his § 2255 motion was signed under penalty of perjury. Clearly these diametrically opposed representations could not both be correct. Defendant was warned at the rearraignment that untruthful answers could subject him to a separate prosecution for perjury (doc. 296-3 at 3-4) and false statements on his § 2255 form likewise could as well. However, it is not this court's role to determine whether such charges will be filed.

*Case No: 3:08cr48/LAC; 3:09cv410/LAC/MD*

case fully with Mr. Couch and had no complaints at all about Mr. Couch's assistance to him, (*id.*). When given the opportunity to bring any dissatisfaction to the court's attention, defendant failed to do so, and the court cannot speculate what additional benefit defendant thinks would have inured to him had he spent more time with his attorney. Defendant has failed to show either that counsel's performance was deficient or that he was in any way prejudiced.

Based on the foregoing, it is respectfully RECOMMENDED:
The motion to vacate, set aside, or correct sentence (doc. 292) be DENIED.

At Pensacola, Florida, this 5th day of February, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).